UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MARKIS ALLEN,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM MUNIZ,<br><br>    Respondent. | No. 2:15-cv-1110-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition as barred by the statute of limitations. ECF No. 10. Petitioner opposes the motion and respondent has filed a reply. *See* ECF No. 13 (entitled "Motion for Equitable Tolling"); ECF No. 16. For the reasons that follow, respondent's motion to dismiss must be granted.

**I.     Background**

Petitioner was convicted of first degree murder and second degree robbery. ECF No. 11 ("Lodg. Docs.") 1-2. The trial court sentenced him to a state prison term of life without the possibility of parole and imposed a parole revocation restitution fine. *Id.* Petitioner appealed, and on July 24, 2008, the California Court of Appeal, Third Appellate District, struck the fine but otherwise affirmed the judgment. Lodg. Doc. 2. Petitioner sought review in the California Supreme Court, which was denied on October 28, 2008. Lodg. Docs. 3-4.

/////

Petitioner subsequently filed seven pro se state habeas corpus petitions.[1] The first was filed in the Sacramento County Superior Court on September 20, 2010, and denied on November 5, 2010. ECF No. 13 at 6. The second was filed in the California Court of Appeal, Third Appellate District on January 25, 2011, and denied on February 4, 2011. Lodg. Docs. 5-6. The third was filed in the California Supreme Court on May 17, 2011 and denied on November 22, 2011. Lodg. Docs. 7-8. On July 5, 2011, while the third petition was pending, petitioner filed a fourth petition in the Sacramento County Superior Court. ECF No. 13 at 7. That petition was denied on August 24, 2011. *Id.* The fifth petition was filed in the California Court of Appeal, Third Appellate District on June 8, 2012 and denied on July 5, 2012. Lodg. Docs. 9-10. The sixth petition was filed in the California Supreme Court on October 8, 2012 and denied on December 19, 2012. Lodg. Docs 11-12. The seventh petition was filed in the California Supreme Court on September 23, 2013 and denied on December 11, 2013. Lodg. Docs. 13-14.

Petitioner filed the pending federal habeas petition on May 12, 2015. ECF No. 1.

**II.    The Limitations Period**

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") provides, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

The running of limitations period is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In California, a properly filed post-conviction application is

---

[1] Where supported by the record, the petitions listed herein were given the benefit of the mailbox rule. *See* Rule 3, Rules Governing Section 2254 Cases. *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

"pending" during the intervals between a lower court decision and the filing of a new petition in a higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012). The statute is not tolled between the time the start of the limitations period is triggered and the time the first state collateral challenge is filed, because there is no case "pending" during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id.*

**III.   Discussion**

Following the California Supreme Court's denial of direct review on October 28, 2008, petitioner had ninety days, or until January 26, 2009, to file a petition for writ of certiorari in the United States Supreme Court. *See* Rule 13, Supreme Court Rules. Because petitioner did not pursue this option, AEDPA's limitations period commenced the next day, on January 27, 2009. *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999) ("period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition"); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (commencement of limitations period excludes last day of period for seeking direct review, by application of Fed. R. Civ. P. 6(a)). Therefore, absent statutory or equitable tolling, the federal limitations period expired one year later, on January 27, 2010.

As noted, the proper filing of a state post-conviction application with respect to the pertinent judgment or claim tolls the one-year limitations period. 28 U.S.C. § 2244(d)(2). Here,

petitioner did not file his first state habeas petition until September 20, 2010, over seven months after the limitations period had ended.   Therefore, petitioner is not entitled to statutory tolling.

Petitioner argues he is entitled to equitable tolling on various grounds.  First, petitioner claims he did not receive the Supreme Court's October 28, 2008 order of denial until January 25, 2010, and that he did not receive necessary trial transcripts from his appellate attorney until May 13, 2010.  ECF No. 13 at 2-3.  Petitioner claims that from this point until February 11, 2011, he was "mainly" on lockdown, which limited his library access to once or twice a month. *Id.* at 3-4.  Petitioner also claims that he was confined to administrative segregation without any of his legal materials from January 2012 through March 2012. *Id.* at 4, 8.  He claims it was not until April 11, 2012, after being transferred to Salinas Valley State Prison and receiving his property, that he was finally able to work diligently on his case. *Id.* at 8.  He claims that from this point forward he worked to exhaust all of his claims in state court. *Id.*

Petitioner's arguments are unavailing.  His seventh and last state court petition was denied on December 11, 2013.  Lodg. Doc. 14.  Even if the limitations period was tolled through December 11, 2013, the instant petition, filed May 12, 2015, would still be nearly one and one-half years late.

Petitioner also suggests that the limitations period should be tolled because he is untrained in the law. *Id.* at 4, 8.  However, ignorance of the law does not warrant equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (finding ignorance of the law does not constitute extraordinary circumstances).

**IV.     Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 10) be granted and the Clerk of the Court be directed to terminate docket number 13 (petitioner's opposition brief) and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
2  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
4  his objections petitioner may address whether a certificate of appealability should issue in the
5  event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing
6  § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a
7  final order adverse to the applicant).

8  DATED:  January 7, 2016.

       EDMUND F. BRENNAN
       UNITED STATES MAGISTRATE JUDGE